FreeMAN, J.,
delivered the opinion of the court.
A motion is made to dismiss the appeal in this case, as having been improvidently granted by the Chancellor, in the exercise of the discretion conferred by sec. 3157 of the Code, allowing an appeal on overruling a demurrer.
We cannot see that the Chancellor has not properly exercised his discretion in this case. The statute provides that he may, in his discretion, allow such an appeal on overruling a demurrer; and even if it were clear that this court might, for the abuse of that discretion, dismiss the appeal, it would require a very gross and palpable case of abuse to call for our inter-, ference. This, in our judgment, is not such a case.
It is insisted that the bond for the appeal should have been in an amount sufficient to cover the demand of the complainant, as if a final decree had been rendered for the amount, inasmuch as the' demurrer admits the truth of the allegations of the bill. We have *155 been cited to no provision of our statutes requiring sueb a bond as is insisted upon, and we do not think that any analogy can fairly furnish a rule exacting it.
While, technically, a demurrer is to be taken as admitting the facts, yet, while the case stands on this demurrer, it interposes an insuperable barrier to a decree, and if the demurrer be overruled, an answer may be put in, and the case may be successfully defended on the facts.
We do not think that we can properly require any other bond in such a case than that taken by the Chancellor, which is for costs only
The motion is overruled.